UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARMEN BARBOZA,

        Plaintiff,

vs.

IMPLANT SEMINARS, INC.,
ARUN K. GARB, AND
HEATHER LEE

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiff, CARMEN BARBOZA, through counsel, sues the Defendants, IMPLANT SEMINARS, INC., ARUN K. GARB, and HEATHER LEE, and alleges as follows:

1. This is an action for damages and equitable relief within the jurisdiction of this court.

2. Plaintiff resides in Florida and is a past employee of Defendants.

3. Defendant, IMPLANT SEMINARS, INC., is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of interstate dental implant seminars, and at all times material hereto Defendant was the "Employer" of the Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

4. Defendants, ARUN K. GARG and HEATHER LEE, are residents of Miami-Dade County, Florida, and were, and now are, the managing agents, directors and/or owners of Defendant, IMPLANT SEMINARS, INC.; said Defendants acted and act directly in the interests of the Defendant, IMPLANT SEMINARS, INC., in relation to said co-Defendant's employees. Defendants, ARUN K. GARG and HEATHER LEE, effectively dominate IMPLANT SEMINARS, INC. administrative or otherwise act, or have the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, they were and are "employer[s]" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. In justifiable reliance upon Defendants' representations and promises, Employee accepted employment and began working for Defendants as an assistant.

6. During part of Plaintiff's employment (specifically from about 6/1/09 through about 3/1/10), she worked about 745.23 hours of overtime, but was only compensated at her regular "straight time" rate of $13.00 per hour.

7. Plaintiff was underpaid about $4,844.00 in overtime pay. See Exhibit "A."

8. Despite Plaintiff's continued demand for payment, Defendants refuse to tender payment and to date Defendants have failed to pay Plaintiff the legally owed wages.

9. Despite repeated requests for same, Defendants have knowingly and willfully failed to follow the law and failed to pay the wages due and owing.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12. Plaintiff reavers and realleges paragraphs 1-11 herein.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, plus costs and reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Loren Law Group
Attorneys for Plaintiff
320 South State Road 7 - Suite # 300
Plantation, FL 33317
Phone:    (954)585-4878
Facsimile: (954)585-4886

James M. Loren, Esquire
Fla Bar No.: 0055409
JLoren@Lorenlaw.com